853 P.2d 640

**FIRST INTERSTATE BANK OF IDAHO, N.A., Plaintiff–Respondent,**

v.

**William A. EISENBARTH and Marian A. Eisenbarth, husband and wife, Defendants–Appellants.**

**No. 19832.**

Court of Appeals of Idaho.

June 3, 1993.

Gigray, Miller, Downen & Wilper, Caldwell, for appellant. Donald E. Downen argued.

Uranga, Uranga & Beiter, Boise, for respondent. Louis L. Uranga argued.

SWANSTROM, Judge.

The Eisenbarths defaulted on a promissory note owing to First Interstate Bank of Idaho, N.A., that was secured by a deed of trust on property located in Canyon County. The Bank brought an action against the debtors in Ada County after a senior deed of trust was foreclosed and the property was purchased by the beneficiary of the senior deed of trust. The Eisenbarths appeal from the district court's order awarding summary judgment in favor of the Bank and from an order denying their motion for change of venue. We affirm.

The facts leading to the dispute between the parties are as follows. In 1980, Robert and Mary Ellen Clement gave a deed of trust on the property in question to Home Federal Savings and Loan of Nampa to secure a loan (Home Federal's deed of trust). In March, 1981, the Eisenbarths purchased the Clements' home by making a down payment and executing a note and deed of trust to the Clements (Clements' deed of trust). The Clements' deed of trust was an "All Inclusive Deed of Trust," securing the indebtedness owed to the Clements and an assumption of the Clements' obligation to Home Federal for a total of $133,900. In 1982, the Eisenbarths borrowed $25,000 from First Interstate Bank of Idaho, N.A. (the Bank), securing this loan with another deed of trust upon the home (Bank's deed of trust).

When the Eisenbarths became delinquent in the payments due under the Clements' deed of trust, the trustee filed a notice of default to begin proceedings to foreclose. The Bank, as holder of a junior deed of trust, received notice of the trustee's sale, which resulted in Mary Ellen Clement purchasing the property subject to the outstanding Home Federal deed of trust, dated September 2, 1980. The Bank did not participate in the sale; and although the note from the Eisenbarths to the Bank was also in default, the Bank did not initiate a foreclosure or join in the foreclosure of the Clements' deed of trust. After the trustee's deed to Mary Ellen Clement was recorded, the Bank filed a direct action in Ada County against the Eisenbarths to recover the amount due on the Bank's loan.

The complaint by the Bank alleged that the Eisenbarths had breached the terms of the promissory note and defaulted on the loan. The Bank claimed the amount due and owing directly from the Eisenbarths because its interest in the property, represented by the Bank's deed of trust, had become substantially valueless as a result of the foreclosure of the Clements' deed of trust. In their answer, the Eisenbarths denied that the property was substantially valueless as defined in I.C. § 45–1503(2). They claimed that unless the property was found to be substantially valueless, the Bank could only proceed against the property, not the debtors. Additionally, the Eisenbarths characterized the suit as an action involving the determination of a right or interest in real property and requested a change of venue from Ada County to Canyon County.

In considering the Bank's motion for summary judgment, the district court determined that the Bank was authorized to bring a judicial action against the debtors without first foreclosing upon its deed of trust. There was no dispute that the note was in default, and the court awarded summary judgment against the Eisenbarths, who then appealed.

The Eisenbarths argue that the district court erred in applying the law in existence in 1982, when the note and the Bank's deed of trust were executed, to allow a direct action against them. They assert that the Bank's action, filed in May, 1991, should be governed by I.C. § 45–1503, as amended in 1989. This amendment, they contend, affected only the remedies available to the Bank in the event of a breach of an obligation under its deed of trust and did not unconstitutionally impair the obligations under the parties' contract as the district court held in its memorandum decision on the Bank's motion for summary judgment.

Summary judgment is appropriate where a party is entitled to judgment as a matter of law after all facts and favorable inferences are drawn in favor of the opposing party. See I.R.C.P. 56(c). Under the 1982 version of I.C. § 45–1503, the Bank could elect to proceed either by foreclosure or against the debtors personally in the event of a breach of the terms of its deed of trust. As amended in 1989, the statute provided for a judicial action only after a foreclosure, by advertisement and sale or pursuant to statute, or if the beneficiary's interest in the property covered by the trust deed is substantially valueless. Therefore, resolution of whether the Bank is entitled to judgment as a matter of law turns upon the version of the statute held to be applicable to proceedings instituted after the effective date of the 1989 amendment but relating to a deed of trust predating the amendment.

The district court reasoned that I.C. § 45–1503, as amended, did not apply in this case because the action dealt with a deed of trust executed in 1982. The district court relied on *Steward v. Nelson*, 54 Idaho 437, 441, 32 P.2d 843, 845 (1934), holding that a change in the remedy provided to enforce contracts is a violation of Article I, § 16 of the Idaho Constitution [1] if applied to contracts executed before the effective date of the statute. *See also Tanner v. Shearmire*, 115 Idaho 1060,

---

**1.** Article 1, § 16: No bill of attainder, ex post facto law, or law impairing the obligation of contracts shall ever be passed.

1063 n. 3, 772 P.2d 267, 270 n. 3 (Ct.App. 1989).

The authorities cited by the Eisenbarths are in agreement that a new law changing or substituting one remedy for another is valid so long as it does not impair the obligation of contracts. However, the Eisenbarths urge that the amendment to the statute does not eliminate a remedy previously available, but merely conditions the means of enforcement by prescribing a preference for foreclosure against the property secured by a deed of trust.[2] In other words, the amendment to the statute does not impair the contract obligations. The Eisenbarths also support their contention that the amended statute governs here because of language in *Frazier v. Neilsen & Company* (Frazier II), 118 Idaho 104, 106, 794 P.2d 1160, 1162 (Ct.App.1990), announcing that "[p]roceedings initiated upon or after April 5, 1989 will be subject to I.C. § 45–1503, as amended."

*Frazier II* however does not support the Eisenbarths' position that the amended statute should be applied because its effect is not to impair contracts. We were asked in *Frazier II* only to resolve whether the new statute was to be applied retroactively to actions already pending on the effective date of the amendment. Prospective application of the new statute and any constitutional challenges thereto were not before us in that appeal.

Moreover, the constitutional question raised in this appeal with regard to whether the new statute impaired the obligations of the Bank or the Eisenbarths under the pre-amendment deed of trust need not be addressed because the case can be resolved on other grounds. Const. Art. 1, § 2; *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 791 P.2d 1285 (1990). *See also Nelson v. Boundary County*, 109 Idaho 205, 706 P.2d 94 (Ct.App.1985). We decline to rule on the constitutional challenge because the choice between the 1982 and the 1989 versions of the statute does not change the result. We concur with the district court's ruling that, even under the amended version of I.C. § 45–1503, the Bank was entitled to proceed directly against the Eisenbarths because its interest in the property was rendered substantially valueless as defined in I.C. § 45–1503(2).[3]

**2.** Idaho Code § 45–1503, as amended, continued to provide for three remedies in the event of a breach of the obligation secured by a trust deed, that is, foreclosure by advertisement and sale, judicial foreclosure, and suit on the note. Where the option rested with the beneficiary under the old statute, the amendment prescribed when a suit on the note could be brought in relation to a foreclosure against the property securing the note:

> [A]nd a deed of trust executed in conformity with this act may be foreclosed by advertisement and sale in the manner hereinafter provided, or, at the option of beneficiary, by foreclosure as provided by law for the foreclosure of mortgages on real property. If any obligation secured by a trust deed is breached, the beneficiary may not institute a judicial action against the grantor or his successor in interest to enforce an obligation owed by the grantor or his successor in interest unless:
> (a) The trust deed has been foreclosed by advertisement and sale in the manner provided in this chapter and the judicial action is brought pursuant to section 45–1512, Idaho Code; or
> (b) The action is one for foreclosure as provided by law for the foreclosure or [sic] mortgages on real property; or
> (c) The beneficiary's interest in the property covered by the trust deed is substantially

valueless as defined in subsection (2) of this section, in which case the beneficiary may bring an action against the grantor or his successor in interest to enforce the obligation owed by grantor or his successor interest without first resorting to the security.

**3.** Idaho Code § 45–1503(2) states:

> "[S]ubstantially valueless" means that the beneficiary's interest in the property covered by the trust deed has become valueless through no fault of the beneficiary, or that the beneficiary's interest in such property has little or no practical value to the beneficiary after taking into account factors such as the nature and extent of the estate in real property which was transferred in trust; the existence of senior liens against the property; the cost to the beneficiary of satisfying or making current payments on senior liens; the time and expenses of marketing the property covered by the deed of trust; the existence of liabilities in connection with the property for clean up of hazardous substances, pollutants or contaminants; and such other factors as the court may deem relevant in determining the practical value to the beneficiary of the beneficiary's interest in the real property covered by the trust deed.

The Bank's action to enforce the obligation owed by the Eisenbarths was begun only after the foreclosure of the Clements' deed of trust which was senior to the Bank's deed of trust. The foreclosure sale, therefore, served to

> foreclose and terminate all interest in the property covered by the trust deed of all persons to whom notice is given under section 45–1506, Idaho Code, and of any other person claiming by, through or under such persons and such persons shall have no right to redeem the property from the purchaser at the trustee's sale.

I.C. § 45–1503. As a result, the Bank's lien against the property was extinguished and its interest in the property was thereafter unavailable for a future foreclosure, leaving the Bank with only a cause of action on the note. *See Edminster v. Van Eaton*, 57 Idaho 115, 120, 63 P.2d 154, 155 (1936) (second mortgagee had complete and independent action on the note where its interest was rendered substantially valueless by first mortgagee's foreclosure). *See also Idaho Power Company v. The Berj. Houseman Company*, 123 Idaho 652, 851 P.2d 970 (1993). We conclude that the district court was correct in determining that the Bank's interest in the property was substantially valueless and that the Eisenbarths would not prevail under I.C. § 45–1503, as amended.

In its pleadings, the Bank set out that its interest in the property was "substantially valueless," that the Eisenbarths had defaulted on the note and that the amount owing was now due. In its motion for summary judgment, the Bank asserted that no genuine issue of material fact existed with regard to the obligation under the note. The affidavit in support of the Bank's motion for summary judgment, detailing the amount due, was not rebutted by the Eisenbarths' affidavit, which stated that the value of the property exceeded the amount owing under the two deeds of trust.

It appears that, throughout these proceedings, the Eisenbarths confused the value of the property with the value of the secured interest in the property against which we test the "substantially valueless" standard. However, under I.C. § 45–1503, as amended, no action can be maintained for the recovery on a promissory note secured by a deed of trust, unless the action is coupled with an action to foreclose the deed of trust, except where it is shown that the security has become substantially valueless. Having previously held that the Bank's interest was substantially valueless, we affirm the district court's decision that no genuine issue of material fact existed and that the Bank was entitled to judgment as a matter of law.

A second issue raised on appeal by the Eisenbarths concerns the district court's denial of their motion for change of venue on the basis that an action to resolve the parties' interest in real property must be brought in the county where the real property is located. Having previously held the Bank's only viable cause of action after the foreclosure of the senior trust deed to be an action on the note, we find no error in the district court's order denying a change of venue from Ada County, where the defendants reside, to Canyon County. I.C. § 5–404.

We affirm the order of the district court denying the Eisenbarths' motion for change of venue and the order granting summary judgment against the Eisenbarths and in favor of the Bank.

Costs to respondents on appeal; attorney fees were not requested.

WALTERS, C.J., and SILAK, Acting Judge, concur.