IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 44532

IDAHO FIRST BANK,                          )
                                           )
    Appellant/Cross-Respondent,        )
                                           )          Lewiston, April 2018 Term
v.                                         )
                                           )          Filed:  September 21, 2018
MAJ-LE BRIDGES and HAROLD A.               )
BRIDGES, individuals,                      )          Karel A. Lehrman, Clerk
                                           )
    Respondent/Cross-Appellant.        )
                                           )
                                           )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Valley County. Hon. Jason D. Scott, District Judge.

The judgment of the district court is <u>affirmed.</u>

Thomas, Williams & Park, LLP, Boise, for Appellant/Cross-Respondent. Daniel E. Williams argued.

Greener Burke Shoemaker Oberrecht, P.A., Boise, for Respondents/ Cross-Appellants. Fredric V. Shoemaker argued.

_____

BEVAN, Justice

This case arises out of a dispute regarding Idaho First Bank's ("IFB") efforts to collect on a note secured by a deed of trust. IFB appeals from the district court's order of summary judgment in favor of debtors Maj-Le and Harold Bridges (the "Bridges"). The Bridges also cross-appeal the district court's denial of a motion to stay arbitration as to a second note between the parties. We affirm the district court.

## I.  FACTS AND PROCEDURE

The Bridges began leasing land from the Idaho Department of Lands (the "State") in 2005, with the intent to build a cottage on the land. This land was located in McCall, Idaho and abutted

Payette Lake. In 2006, the Bridges obtained a $1.5 million construction loan from IFB to build the cottage. IFB took a note and deed of trust as security for the loan, with the Bridges pledging both their interests in the lease and in any future buildings they would construct on the leased land as collateral. The Bridges built a 5,000-square foot cottage[1] on the leased land which was completed in 2008. In order to finish construction of the cottage, the Bridges also obtained a second loan from IFB for $150,000 which was secured by a deed of trust on property in Boise, Idaho (the "Boise property"). That deed of trust included both a cross-collateralization clause, and a provision mandating arbitration of any dispute between the parties.

In 2014, the Bridges entered into a new nine-year term lease agreement (the "2014 lease") with the State. This new lease contained a provision classifying buildings and structures on the leased land as "Personal Property." This provision was not in the original 2005 lease agreement.

In May 2015, the Bridges defaulted on the note. The Bridges then tendered both the cottage and the lease to IFB. On June 19, 2015, IFB filed suit, seeking a judgment on the note without taking action to foreclose on the deed of trust. On July 10, 2015, IFB amended its complaint, clarifying that it was seeking a judgment on the note because the cottage in question was personal property, as defined by the 2014 lease between the Bridges and the State.

IFB then sold the cottage and the lease, obtaining $1,200,088 in proceeds when the sale closed on September 15, 2015. Significant for purposes of this appeal, a little more than three months later, on December 18, 2015, IFB amended its complaint a second time, claiming two separate causes of action seeking a deficiency judgment in the sum of $344,377.24. The first cause of action sought a deficiency under Idaho Code section 28-9-615, with IFB continuing to maintain that the 5000-square-foot cottage was personal property; the second cause of action sought the same relief on the basis of Idaho Code section 45-1512, relative to trust deeds and real property.

The Bridges moved for summary judgment against IFB's deficiency claims. The Bridges argued that the cottage was not personal property; thus, the claim pursuant to section 28-9-615 was erroneous. Secondarily they argued that IFB's deficiency claims were time barred because they were not filed within three months after foreclosure of the deed of trust, as required by section 45-1512.

---

[1] The Court recognizes that the colloquial definition of the term "cottage" would generally refer to a "small one-story house" *Cottage*, Webster's II New College Dictionary 256, (2d ed. 1999); however, structures built upon state owned land which may be leased "by the state of Idaho primarily for recreational or homesite use by a lessee" are known as "Cottage sites" *see* Idaho Code section 39-3634; *see also* IDAPA 20.03.13.010. Thus the 5000-square foot residence herein will be called a "cottage" throughout this Opinion, notwithstanding its size and value.

IFB responded that the time bar under section 45-1512 was inapplicable because: (1) the cottage under the deed of trust was personal property and; (2) the lease was substantially valueless pursuant to Idaho Code section 45-1503(2). In the alternative, IFB argued its deficiency claims were timely because its second amended complaint could relate back to the filing of its original or first amended complaints under Idaho Rule of Civil Procedure 15(c).

The district court granted the Bridges' motion for summary judgment, ruling that the cottage was real property and thus subject to the strictures of Idaho Code section 45-1512, which barred IFB's deficiency claims because they were untimely. The court further ruled that IFB's deficiency claims could not relate back to the filing of the original complaint.

IFB then filed a motion for reconsideration. At oral argument on its motion, IFB proffered a new legal argument, asserting that its deficiency claims could also relate back to its original complaint under Idaho Rule of Civil Procedure 15(d). The district court denied IFB's motion for reconsideration at the conclusion of the hearing. IFB timely filed a notice of appeal.

After filing its notice of appeal, IFB notified the Bridges that it was exercising its rights under the cross-collateralization clause in the deed of trust on the Boise property, which provided:

> CROSS-COLLATERALIZATION. . . . *[T]his Deed of Trust secures all obligations, debts and liabilities, plus interest thereon, of [Bridges] to [IFB] . . . as well as all claims by [IFB] against [Bridges] . . . whether now existing or hereafter arising*, whether related or unrelated to the purpose of the Credit Agreement, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated, . . . whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable.

(Emphasis added). Thus, under this provision the Boise property served as additional collateral for the cottage loan. The Boise property deed of trust also included a mandatory arbitration provision, which IFB exercised at the same time.

The Bridges then filed a motion with the district court to stay IFB's demand for arbitration.[2] IFB responded and the matter was heard before the district court. The court denied the Bridges' motion on the ground that it lacked jurisdiction to rule on their requested relief under Idaho

---

[2]The Bridges' labeled their motion to stay arbitration as: "Motion for order to prevent IFB's untimely arbitration demand and to confirm debt on cabin note is extinguished and not recoverable from any assets." Despite the title of this motion, we consider this motion as a motion to stay arbitration.

3

Appellate Rule 13(b). The Bridges then filed a timely cross-appeal of the district court's denial of their motion.

## II.  STANDARD OF REVIEW

> When reviewing the district court's ruling on a summary judgment motion, this Court applies the same standard used by the district court. Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Disputed facts and reasonable inferences are construed in favor of the non-moving party. If there is no genuine issue of material fact, only a question of law remains, over which this Court exercises free review.

*Miller v. Idaho State Patrol*, 150 Idaho 856, 863, 252 P.3d 1274, 1281 (2011) (citations and quotation marks omitted).

## III.  ANALYSIS

**A.  The district court did not err in granting summary judgment.**

IFB argues the cottage was personal property and that the 2014 lease with the Idaho Department of Lands was substantially valueless; therefore, neither the cottage nor the lease were subject to the time limitation to bring a deficiency claim under section 45-1512. We hold the district court did not err in granting summary judgment, because 1) the cottage is real property and thus falls within the purview of Idaho Code Title 45, Chapter 15; and 2) the 2014 lease was not substantially valueless.

*1.  There was no genuine issue of material fact that the cottage was real property.*

Our analysis of IFB's claim of error is governed by Idaho statutory and case law. The Idaho Legislature has defined "real property" under Title 55, Chapter 1, which governs property and ownership, as follows:

1. Lands, possessory rights to land, ditch and water rights, and mining claims, both load and placer.
2. That which is affixed to land.
3. That which is appurtenant to land.

I.C. § 55-101.

IFB's right to take the Bridges' cottage as collateral arises from the deed of trust. While the State added language to the 2014 lease with the Bridges which defined the cottage as personal property, IFB and the Bridges are bound by the constraints in their relationship, as governed by the

4

deed of trust, which is limited to conveyances of *real property*. I.C. § 45–1502(3). Indeed, the only document recorded was the deed of trust, signifying that both IFB and the Bridges understood that the cottage was real property. Additionally, the deed of trust between these parties did not define the term "personal property" to include buildings; instead the deed of trust defined the term "improvements" to include "buildings, structures, [and] mobile homes affixed on the *Real Property*. . . ." (Emphasis added, capitalization in original). Accordingly, the cottage (as a building) was characterized as an improvement affixed on the "Real Property" under the deed of trust. Furthermore, a secondary agreement between IFB and the Bridges to provide flood insurance also characterized the cottage as "real property." These facts support the district court's conclusion that the cottage was real property.

Moreover, while we recognize the right of the parties to classify what would otherwise be real property as personal property in contracts between themselves, the State's contractual classification of a piece of property in the lease between the State and the Bridges does not supplant the contractual language between IFB and the Bridges – nor does it overcome the legal requirements set forth by this Court in *Spencer v. Jameson*, 147 Idaho 497, 502, 211 P.3d 106, 111 (2009) and *Liberty Bankers Life Ins. Co. v. Witherspoon, Kelley, Davenport & Toole, P.S.*, 159 Idaho 679, 692, 365 P.3d 1033, 1046 (2016). In *Spencer*, we analyzed several factors relative to determining whether a mobile home in that case was real property. Those pertinent characteristics are likewise applicable here. They included

> (a) [a] well set-up, with pump, pressure tanks, lines; (b) septic system with inspections, and hookup to home; (c) driveway completion to county standards; (d) power lines and pedestal, with inspections and hookup; (e) mobile title in file; and (f) foundation, decks, and mobile set-up, including attachment and conversion to real property. These tasks and improvements show: (1) the mobile home was actually annexed to the realty, (2) the mobile home was appropriated to the use of that part of the realty to which the home was connected, and (3) it was Spencer's intention to make the mobile home a permanent accession to the realty.

147 Idaho at 502, 211 P.3d at 111.

Similarly here, there is no genuine issue of material fact whether the cottage was affixed to land. Evidence shows the cottage: (a) was a 5000-square-foot structure containing 7 rooms, 4 bedrooms, and 4.5 bathrooms; (b) the cottage had a concrete foundation embedded into the ground; (c) it was designed, built, and shaped to match the slope, topography, size, and orientation of the leased land; (d) it had a partial basement and crawl space; (e) it had a driveway connected to a two-

car garage; (f) it was connected to a large patio, deck, and hot tub; (g) it was connected to public utilities; and finally (h) it was connected to a local well. These factors all support the district court's conclusion that the cottage was real property as a matter of law.

In *Spencer*, we applied three general tests to determine whether personal property becomes a fixture by being attached to the land: "(1) Actual or constructive annexation to the realty; (2) Appropriation to the use of that part of the realty to which it is connected; [and] (3) Intention of the party so annexing to make the article a permanent accession to the realty." *Spencer*, 147 Idaho at 502, 211 P.3d at 111. *See also Liberty Bankers Life Ins. Co. v. Witherspoon, Kelley, Davenport & Toole, P.S.*, 159 Idaho at 692, 365 P.3d at 1046. While there is token debate whether the cottage was ever personal property, these tests enunciated in *Spencer* likewise support our conclusion in this case.

The Bridges' sworn declarations showed they intended the cottage to be a permanent part of the leased land and had no contingency plans for its future removal. IFB's evidence before the district court did not rebut these declarations. The evidence before the district court shows that: (1) the cottage was actually annexed to the realty; (2) the cottage was appropriated to the use of that part of the realty to which the home was connected; and (3) it was the Bridges' intention to make the cottage a permanent accession to the realty. The cottage at issue is real property.

As such, IFB's attempt to seek a deficiency judgment based on its deed of trust falls squarely within the confines of Idaho Code, Title 45, Chapter 15. Section 1503 in that chapter provides:

> If any obligation secured by a trust deed is breached, the beneficiary may not institute a judicial action against the grantor or his successor in interest to enforce an obligation owed by the grantor or his successor in interest unless: (a) The trust deed has been foreclosed by advertisement and sale in the manner provided in this chapter and the judicial action is brought pursuant to section 45-1512. . . . or
>
> (c) The beneficiary's interest in the property covered by the trust deed is substantially valueless as defined in subsection (2) of this section, in which case the beneficiary may bring an action against the grantor or his successor in interest to enforce the obligation owed by grantor or his successor in interest without first resorting to the security. . . .

I.C. § 45-1503. Despite IFB's efforts to argue that cottage in question was personal property as defined by the 2014 lease between the Bridges and the State, the evidence is clear that the cottage was real property. IFB was required to foreclose on the real property before instituting its judicial action against the Bridges and IFB's failure to do so was erroneous.

Moreover, after a deed of trust is foreclosed, a creditor has three months to file a deficiency claim (if one exists) in district court. I.C. § 45-1512. There was no genuine issue of material fact that IFB failed to bring its cause of action for deficiency until after the three-month window to do so had expired. Accordingly, it is time-barred from seeking a deficiency under the cottage deed of trust and the relation-back doctrine does not save the claim. *See* Section C below.

## 2. *There was no genuine issue of material fact that the lease was not substantially valueless.*

IFB contends the 2014 lease was "substantially valueless" pursuant to Idaho Code section 45-1503(c). As noted above, section 45-1503 prohibits a deed of trust beneficiary from "institut[ing] a judicial action against the grantor . . . to enforce an obligation owed by the grantor . . . unless: (c) [t]he beneficiary's interest in the property covered by the trust deed is substantially valueless." I.C. § 45-1503(c). The term substantially valueless means:

> [T]he beneficiary's interest in the property covered by the trust deed has become valueless through no fault of the beneficiary, or that the beneficiary's interest in such property has little or no practical value to the beneficiary after taking into account factors such as the nature and extent of the estate in real property which was transferred in trust; the existence of senior liens against the property; the cost to the beneficiary of satisfying or making current payments on senior liens; the time and expense of marketing the property covered by the deed of trust; the existence of liabilities in connection with the property for clean up of hazardous substances, pollutants or contaminants; and such other factors as the court may deem relevant in determining the practical value to the beneficiary of the beneficiary's interest in the real property covered by the trust deed.

I.C. § 45-1503(2). *See also First Interstate Bank of Idaho, N.A. v. Eisenbarth*, 123 Idaho 895, 898, 853 P.2d 640, 643 (Ct. App. 1993) (finding a junior lien's property interest being extinguished by a senior lien made the junior lien substantially valueless).

The evidence is uncontradicted that IFB foreclosed its property interest in both the lease and cottage for $1,200,088. IFB subsequently filed its second amended complaint seeking a deficiency judgment of $344,377.25 arising from this foreclosure. There was no genuine issue of material fact that the lease was not substantially valueless in this case. Indeed, it was an integral part of the value of the cottage on Payette Lake. The value of the lease and the cottage thus required IFB to follow the statute and bring a deficiency claim under section 45-1512. Therefore, the district court did not err in dismissing IFB's deficiency claims as time barred pursuant to section 45-1512.

**B. The district court did not err in granting summary judgment when it concluded IFB's second amended complaint could not relate back under Idaho Rule of Civil Procedure 15(c).**

IFB argues the district court erred in granting the Bridges' motion for summary judgment, because its second amended complaint could relate back to when it filed its original complaint, or first amended complaint, under Idaho Rule of Civil Procedure 15(c). Therefore, by relating back, its deficiency claims were timely filed within three months after it foreclosed on the deed of trust, as required by section 45-1512. This Court reviews a district court's determination of whether an amended pleading can relate back to an earlier filing for abuse of discretion. *Black Canyon Racquetball Club, Inc. v. Idaho First Nat. Bank, N.A.*, 119 Idaho 171, 178, 804 P.2d 900, 907 (1991); *Wing v. Martin*, 107 Idaho 267, 270, 688 P.2d 1172, 1175 (1984).

Under Rule 15(c), an amendment to a pleading relates back to the date of the original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading." I.R.C.P. 15(c). Applying this Rule, the district court found that IFB's deficiency claims (within its second amended complaint) could not relate back to IFB's prior complaints because: (1) the deficiency claim did not arise out of the same conduct, transaction or occurrence set forth in the original or first amended complaints; indeed, the prior complaints did not mention the deed of trust collateral; and (2) the deficiency claims did not accrue when the prior complaints were filed because the deed of trust had yet to be foreclosed, in violation of section 45-1503. Therefore, the district court granted summary judgment against IFB's deficiency claims. We hold the district court did not abuse its discretion in dismissing IFB's second amended complaint because IFB's deficiency claims could not relate back to its prior two complaints under Rule 15(c).

It is well established that "[w]here, by way of amendment [under I.R.C.P. 15(c)], a party is setting forth a new cause of action, it does not relate back." *Martin*, 107 Idaho at 270, 688 P.2d at 1175 (citing 6 Wright & Miller, Federal Practice and Procedure § 1497, pp. 489–492 (1971)); *See also Mitchell v. Flandro*, 95 Idaho 228, 232, 506 P.2d 455, 459 (1972). Here, IFB's second amended complaint set forth a new fact (the foreclosure of the deed of trust) that gave rise to an entirely new cause of action (its deficiency claims) that did not exist when it filed its two prior complaints; thus, the deficiency claim cannot relate back under Rule 15(c).

Further, IFB's deficiency claim cannot relate back to the original complaint when the deficiency claim had not even accrued at the time the first complaints were filed. *See U.S. ex rel.*

8

*Texas Portland Cement Co. v. McCord*, 233 U.S. 157, 164 (1914) ("[I]t is elementary that an amendment [relates back] to the filing of the petition, and is to supply defects in the cause of action then existing, or at most to bring into the suit grounds of action which existed at the beginning of the case."). *See also U.S. for Use & Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989) (relying on *McCord*, the 9th Circuit Court did not allow an amended complaint to add a cause of action that did not exist when the party filed the original complaint).

IFB filed its original and first amended complaints before foreclosing on the deed of trust, which was a condition precedent for IFB's deficiency claims to accrue, i.e.,

> the beneficiary to a deed of trust may not institute a judicial action against the grantor or his successor in interest to enforce an obligation owed by the grantor or his successor in interest unless: (a) The trust deed has been foreclosed by advertisement and sale in the manner provided in this chapter and the judicial action is brought pursuant to section 45-1512, Idaho Code.

I.C. § 45-1503.

To allow IFB's deficiency claims to relate back to its prior complaints under Rule 15(c) would render sections 45-1503 and 45-1512 meaningless. *See Brown v. Caldwell Sch. Dist. No. 132*, 127 Idaho 112, 117, 898 P.2d 43, 48 (1995) ("[W]e do not presume that the [L]egislature performed an idle act by enacting a meaningless provision."). By enacting section 45-1503 the Legislature sought to prohibit creditors from instituting judicial actions until they foreclosed on a deed of trust. The Legislature also sought to limit the time period to file a deficiency claim to three months after the sale of a deed of trust by enacting section 45-1512. To allow relation back in this case would incentivize creditors to prematurely file judicial actions before foreclosing on deeds of trust, allowing them to extend the three-month time limitation to file a deficiency—adding to the very imbalance the Legislature sought to prohibit by enacting sections 45-1503 and 45-1512. Applying Rule 15(c) in this manner would also undermine the substantive protections the Legislature sought to give borrowers. *See ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1005 (9th Cir. 2014) ("[I]t is the conduct, transaction, or occurrence test of Rule 15(c) which assures that the relation back doctrine does not deprive the defendants of the protections of the statute of limitations.") (quotation marks omitted); *See also Badger v. Eighth Judicial District Court*, 373 P.3d 89 (Nev. 2016) (holding that Nevada Rule 15(c) cannot be used to save a time barred deficiency claim against a guarantor,

and that to do so would have undermined the Nevada Legislature's goals to protect borrowers and guarantors).[3]

IFB's original and first amended complaints were filed as attempts to collect on the Note before foreclosing on the deed of trust. Accordingly, the deficiency claim in the second amended complaint constituted a new cause of action, which cannot relate back to the original complaint. *See Martin*, 107 Idaho at 270, 688 P.2d at 1175. Further, because the deficiency claim did not exist at the time the first complaints were filed, IFB cannot relate its second amended complaint back to these prior complaints under Rule 15(c) to extend the three-month time limitation to file a deficiency claim. *See McCord*, 233 U.S. at 164. Ultimately, the district court did not abuse its discretion when it held that IFB's deficiency claims alleged in its second amended complaint could not relate back to IFB's prior two complaints under Rule 15(c).

## C. The district court did not err in denying IFB's motion for reconsideration under Idaho Rule of Civil Procedure 15(d).

During oral arguments on IFB's motion to reconsider, IFB claimed its second amended complaint could also relate back to its prior complaints under Idaho Rule of Civil Procedure 15(d). The district court denied IFB's motion for reconsideration. "When considering a motion for reconsideration under Rule 11(a)(2), the district court should take into account any new facts, law, or information presented by the moving party." *Arregui v. Gallegos-Main*, 153 Idaho 801, 808, 291 P.3d 1000, 1007 (2012). "[W]hen the district court grants summary judgment and then denies a motion for reconsideration, this Court must determine whether the evidence presented a genuine issue of material fact to defeat summary judgment. This means the Court reviews the district court's denial of a motion for reconsideration de novo." *Massey v. Conagra Foods, Inc.*, 156 Idaho 476, 480, 328 P.3d 456, 460 (2014) (quotation marks omitted).

IFB's deficiency claims did not arise until after it had already filed its original and first amended complaints; thus, Idaho Rule of Civil Procedure 15(d) is the applicable rule:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit

---

[3] In the interest of judicial economy, the Court will not reach the Bridges' argument that section 45-1512 is a statute of repose and that claims otherwise barred by statutes of repose can never be related back under Rule 15(c). *See Resolution Tr. Corp. v. Olson*, 768 F. Supp. 283 (D. Ariz. 1991) (holding that a statute providing a time limitation to bring a deficiency claim was a statute of repose).

supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

I.R.C.P. 15(d). Idaho's Rule of Civil Procedure 15(d) is virtually identical to the Federal Rule of Civil Procedure 15(d). *See State v. Stansfield*, 158 Idaho 327, 341 n.10, 347 P.3d 175, 189 n.10 (2015) (quotation marks omitted) ("in order to obtain uniformity in the trial practice in both the state and federal courts . . . we seek to interpret identical rules in conformance with the interpretation placed upon the same rules by the federal courts."). The Ninth Circuit Court has held that "Rule 15(d) [is] intended to give district courts broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). The Court continued, recognizing:

> [Rule 15(d)] is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.

*Id*. (citing *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir.1963), *cert. denied*, 376 U.S. 963 (1964)). Whether the new pleading is characterized as an "amended complaint" or a "supplemental pleading" is immaterial to the determination of whether it can relate back. *See United States for Use & Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1073 (9th Cir. 1989); *United States for Use of Atkins v. Reiten*, 313 F.2d 673, 674 (9th Cir. 1963). Rule 15(d) motions to amend should be granted "[u]nless undue prejudice to the opposing party will result." *LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir. 1986) (citing *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)).

Here, the district court allowed IFB to file its second amended complaint. However, under Idaho Code section 45-1512, IFB only had three months after the sale of the cottage to file a deficiency action. IFB filed its second amended complaint after that time had passed. Therefore, the district court did not abuse its discretion when it found that IFB's deficiency claims were time barred.

**D. The district court did not err in denying the Bridges' motion to stay arbitration because it did not have jurisdiction to rule on the motion under Idaho Appellate Rule 13.**

After the district court dismissed IFB's second amended complaint, IFB sought to foreclose on a second deed of trust to collect the outstanding balance on the Note. This second deed of trust secured collateral for the loan IFB made to the Bridges in 2008 on the Boise property.[4]

As noted, the deed of trust on the Boise property also contained a "cross-collateralization" provision. This provision stated that the collateral described within the second deed of trust was also collateral for other obligations that the Bridges owed IFB. Pursuant to an arbitration provision within the second deed of trust, IFB filed a demand for arbitration. In its arbitration demand, IFB claimed, due to the cross-collateralization provision, it could foreclose on the collateral within this second deed of trust to satisfy the outstanding balance on the Note.

The Bridges filed a motion with the district court to stay this demand for arbitration, arguing that their motion should be granted because the demand for arbitration was barred by the doctrines of: (1) res judicata; (2) waiver; and (3) that the cross-collateralization provision was void as a matter of public policy. The Bridges further argued the district court had jurisdiction to rule on their motion while the appeal was pending under Idaho Appellate Rules 13(b)(6) and 13(b)(13). The district court found it did not have jurisdiction under either of these Rules and dismissed the motion to stay arbitration.

"[T]he issue of whether a district court has subject matter jurisdiction is a question of law, over which we exercise free review." *Slavens v. Slavens*, 161 Idaho 198, 201, 384 P.3d 962, 965 (2016) (internal quotation omitted). Any order appealable under the Uniform Arbitration Act is appealable as a matter of right. I.A.R. 11(a)(8). "The Act provides that an appeal may be taken from '[a]n order granting an application to stay arbitration made under section 7–902(b), Idaho Code.'" I.C. § 7–919(a)(2)." *Clearwater REI, LLC v. Boling*, 155 Idaho 954, 958, 318 P.3d 944, 948 (2014). We hold the district court did not err when it found it did not have jurisdiction to rule on the Bridges' motion to stay arbitration under Idaho Appellate Rules 13(b)(6) and 13(b)(13).

1. *The district court did not have jurisdiction under Idaho Appellate Rule 13(b)(6).*

Idaho Appellate Rule 13(b)(6) grants the district court jurisdiction to rule upon any motion made under Idaho Rule of Civil Procedure 60(a) or 60(b) during the pendency of an appeal. The

---

[4] A separate issue not raised in this appeal is whether the district court, located in Valley County, would have been the proper venue to hear a motion to stay arbitration pertaining to real property located in Ada County. Since this issue was not raised on appeal, it will not be addressed in this opinion. *State, Dep't of Health & Welfare v. Housel*, 140 Idaho 96, 100, 90 P.3d 321, 325 (2004) ("As a general principle, this Court will refrain from considering issues not raised on appeal.") (quotation marks omitted).

Bridges argue that their motion to stay arbitration was a motion made under Idaho Rule of Civil Procedure 60(b). Therefore, they assert, because their motion was made under Rule 60, the district court had jurisdiction to rule on its motion under Idaho Appellate Rule 13(b)(6). We disagree.

In pertinent part, Idaho Rule of Civil Procedure 60 states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
. . . .
(6) any other reason that justifies relief.

The Bridges were granted the relief they sought in their motion for summary judgment before the district court. Therefore, the Bridges' motion to stay arbitration was not seeking to obtain *relief* from the district court's judgment. This is because the judgment awarded the Bridges complete relief. The Bridges' motion sought an extension of the district court's judgment by moving to stay IFB's demand for arbitration pursuant to the Boise deed of trust. The Bridges have failed to make an argument regarding the existence of any "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief" that would have granted them relief *from* the judgment in their briefing. *Carney v. Heinson*, 133 Idaho 275, 283, 985 P.2d 1137, 1145 (1999) ("This Court will not consider issues cited on appeal that are not supported by propositions of law, authority or argument."). Accordingly, the Bridges' motion to stay arbitration was not made under Rule 60(b). Because the motion to stay arbitration was not made under Rule 60(b), the district court did not have jurisdiction under Idaho Appellate Rule 13(b)(6) to rule on the motion.

2. *The district court did not have jurisdiction under Idaho Appellate Rule 13(b)(13).*

Idaho Appellate Rule 13(b)(13) grants the district court jurisdiction to take "any action or enter any order required for the *enforcement* of any judgment or order" (emphasis added) during the pendency of a civil appeal. The Bridges argue that IFB's demand for arbitration was a collateral attack on the preclusive effect of the district court's final judgment. Therefore, the district court had jurisdiction under Rule 13(b)(13) to grant its motion to stay arbitration to enforce its judgment against this collateral attack. We disagree.

13

The district court's judgment dismissed IFB's deficiency claims with prejudice as to the cottage note. IFB's demand for arbitration was not an attempt to re-litigate its dismissed deficiency claims against the Bridges. Rather, the demand for arbitration was an attempt to collect the outstanding balance on the Note by foreclosing on separate collateral covered by the Boise deed of trust. Therefore, the district court did not have jurisdiction to rule on the motion to stay arbitration under Rule 13(b)(13) because it was not a motion to enforce the court's judgment.

Even if the district court had jurisdiction to rule on the motion, it would not have had the authority to grant it. The only ground upon which arbitration may be stayed is "on a showing that there is no agreement to arbitrate." I.C. § 7-902(b); *see also Loomis, Inc. v. Cudahy*, 104 Idaho 106, 109, 656 P.2d 1359, 1362 (1982) ("[T]he inquiry [of the district court] must be limited in scope—is there an agreement to arbitrate or is there not. It would be inappropriate to review the merits of the dispute as such would in many instances emasculate the benefits of arbitration."). The Bridges did not allege there was no arbitration provision within the second deed of trust and, therefore, their motion to stay arbitration should have been denied even had there been jurisdiction.

Written arbitration provisions are "valid, enforceable and irrevocable." I.C. § 7-901. Therefore, pursuant to the arbitration provision within the second deed of trust, IFB is entitled to have an arbitrator decide if it may foreclose on the other collateral within the second deed of trust to collect the outstanding balance on the Note. The three legal arguments asserted by the Bridges in their motion to stay arbitration can be appropriately decided in arbitration.

The district court did not err in dismissing the Bridges' motion to stay arbitration because it did not have jurisdiction to rule on the motion pursuant to Idaho Appellate Rules 13(b)(6) and 13(b)(13).

## E. The Bridges are not entitled to an award of attorney fees under Idaho Code section 12-120(3).

The Bridges claim they are entitled to attorney fees on appeal pursuant to Idaho Code section 12-120(3). This code section states:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the *prevailing party* shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

14

(Emphasis added). The Bridges are not the prevailing party in this appeal because they lost their cross-appeal. Therefore, they are not entitled to attorney fees under section 12-120(3).

## IV. CONCLUSION

We affirm the judgment of the district court.

Chief Justice BURDICK, Justices HORTON, BRODY and Justice *pro tem* WALTERS, CONCUR.